**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES EDWARD POINEAU,

    Petitioner,

v.                                         Case No. 04-CV-70388-DT

WARDEN BOOKER,

    Respondent.

**OPINION & ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the court on Petitioner James Poineau's *pro se* "Application for Writ of Habeas Corpus Under 28 U.S.C. § 2254," filed on February 3, 2004. Respondent filed his "Answer in Opposition to Petition for Writ of Habeas Corpus" on August 20, 2004. For the reasons stated below, the court will deny the Petition.

**I. INTRODUCTION**

On August 20, 2000 in Saginaw County Circuit Court, Petitioner was convicted of (1) possession with intent to deliver 650 or more grams of cocaine in violation of MCL §333.7401(2)(a)(I); (2) maintaining a drug house in violation of MCL §333.7405(1)(d); and §333.7406; and (3) possession of less than twenty-five grams of cocaine in violation of MCL §333.7403(2)(a)(v). Petitioner was sentenced to twenty to thirty years of imprisonment, three to six years of imprisonment, and three to ten years of imprisonment, respectively.

Petitioner challenges the legality of his conviction and raises one issue for the court's review. Petitioner asserts that his "conviction [was] obtained by use of evidence

gained pursuant to an unconstitutional seizure." (Habeas Petition at 4). Petitioner's position is as follows:

> Over 650 grams of white powdery material was 'created' when a police officer dumped smaller individually seized bags of white powdery material together without first field testing each bag for presence of cocaine. This irrevocably tainted the evidence, and more importantly amounted to an unconstitutional seizure. The use of the evidence fabricated by the police caused a denial of due process.

(*Id.* at 4, 7)

Respondent's argument is two-fold: (1) Petitioner has not exhausted this Fourth Amendment claim; and (2) even if the claim had been exhausted, it is not cognizable under federal habeas review.

## II.  BACKGROUND

Due to their suspicion of illegal drug activity being conducted from the home, the Saginaw Police Department's Bay Area Narcotics Enforcement Team was investigating the residence of 2109 Emerick Street. Ultimately, it was discovered that Andrea Valerio resided in the lower half of the house and the Petitioner lived in the upper portion of the home. Ms. Valerio gave the Saginaw police permission to search her part of the house, where a small amount of cocaine was found on a glass plate along with Midol (a cocaine cutting agent) and other drug paraphernalia (scales, grinder, cocaine packaging, glass plate, razor, etc). While awaiting a warrant to search Petitioner's portion of the home, Petitioner arrived at the home.

Petitioner admitted to having two small baggies of cocaine on his person, but refused to give his consent for the officers to search his area of the house. The search warrant eventually arrived and the police officers proceeded to search Petitioner's

2

home. Baggies of cocaine were found as well as cutting agents (Mannitol and Insitol). Petitioner was subsequently arrested. Petitioner made a statement to the police wherein he admitted to being a cocaine user and purchaser and that he had been selling cocaine for the past few months due to the loss of his job.

During trial and on appeal, Petitioner challenged the amount of alleged cocaine the police officers assert was found in Petitioner's portion of the home. Petitioner claimed that a percentage of the group of baggies the police claimed contained cocaine really consisted of cutting agents. Since no field test was ever conducted on the seized white powdery substance, it was Petitioner's contention that there was no way of knowing whether all of the bags seized actually consisted of cocaine. The forensic scientist who testified as an expert in the field of identifying controlled substances only tested and weighed three of the small baggies and found their content to be cocaine. The jury apparently did not find Petitioner's argument persuasive, and at the conclusion of the jury trial Petitioner was convicted of the above stated charges.

Petitioner appealed his conviction as a matter of right to the Michigan Court of Appeals and raised four issues: (1) whether the Saginaw police tainted the drug evidence by using cutting agents to create more baggies of the seized white powdery substance than what was actually present in Petitioner's home; (2) whether the prosecutor deprived Petitioner of his due process right to a fair trial by shifting the burden of proof; (3) whether the trial court failed to exercise its discretion by departing from imposing the mandatory minimum sentencing guidelines; and (4) whether trial court erroneously enhanced Petitioner's term of imprisonment under the habitual offender's statute. On June 21, 2002, in an unpublished opinion, the Michigan Court of

Appeals affirmed Petitioner's convictions, but found that the trial court erred when it enhanced Petitioner's maximum sentences pursuant to two different enhancement schemes. *People v. Poineau,* No. 229667, 2002 WL 1360396 (Mich. Ct. App. June 21, 2002). The appellate court vacated and remanded the matter so that the trial court could correct the erroneous sentence term. *Id.*

Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court raising the following issues: (1) whether the Saginaw police tainted the drug evidence by using cutting agents to created more baggies of the seized white powdery substance than what was actually present in Petitioner's home; and (2) whether the trial court failed to exercise its discretion by departing from imposing the mandatory minimum sentencing guidelines. The Michigan Supreme Court entered an order on January 31, 2003 denying relief. *People v. Poineau,* No. 122079, 656 N.W.2d 530 (Table) (Mich. Jan. 31, 2003).

On February 3, 2004, Petitioner filed his "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254," raising the sole issue of whether his conviction was obtained by use of evidence gained pursuant to an unconstitutional seizure.

### III.  STANDARD

Under the applicable standard of review set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. § 2254(d), a petitioner is not entitled to relief in a federal habeas corpus proceeding unless the state court's adjudication of his or her due process claim resulted in a decision that: (1) was contrary to, or involved an unreasonable application of clearly established federal law as determined by the

United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Under AEDPA, "clearly established federal law" means "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor,* 529 U.S. 362, 412 (2000). A state court decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 412-13.

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Furthermore, a federal court may not issue a writ of habeas corpus under the "unreasonable application" clause of 28 U.S.C. §2254(d) "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *Id.* Rather, that application must also be unreasonable." *Id.* at 365; *see also Prince v. Vincent,* 538 U.S. 634, 638-39 (2003). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable," as opposed to transforming the inquiry into a subjective one by inquiring whether all reasonable jurists

5

would agree that the application by the state court was reasonable. *Williams v. Taylor,* 529 U.S. at 411.

## IV.  DISCUSSION

### A.  Exhaustion of Petitioner's Habeas Claim

A state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court.  28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  The AEDPA preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has not. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich.1999). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies.  *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).  As a general rule, a federal district court should dismiss a habeas petition that contains unexhausted claims.  *Foster v. Withrow*, 159 F. Supp. 2d 629, 638 (E.D. Mich.2001).

In this case, there is no indication that Petitioner has presented his illegal search and seizure claim to any of the state courts in this matter.  Typically, Petitioner would have at least one available procedure to raise his unexhausted argument in state court which would be by filing a motion for relief from judgment pursuant MCR 6.500 et. seq. Under Michigan law, he may file one such motion with the state trial court.  *See* MCR 6.502(G)(1).  The record reflects that Petitioner has not filed such a motion. Accordingly, his petition would normally be dismissed without prejudice, as Petitioner

6

has failed to plead or prove that he exhausted his state court remedies relative to this Fourth Amendment issue.

Nonetheless, a federal court may deny a habeas petition on the merits despite a petitioner's failure to exhaust state remedies.  28 U.S.C. § 2254(b)(2); *see also Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991) (holding that the doctrine of exhaustion raises only federal-state comity concerns and is not a jurisdictional limitation of the power of the court).  For the reasons set forth below, the court concludes that Petitioner's claim does not warrant federal habeas corpus relief.  Accordingly, in the interests of efficiency and justice, the court will address Petitioner's claim rather than dismiss the petition on the ground of failure to exhaust.  *See* 28 U.S.C. § 2254(b)(2); *Cain v. Redman*, 947 F.2d at 820 (holding that where an unexhausted federal constitutional claim is plainly meritless, "it would be a waste of time and judicial resources to require exhaustion").

### B.  Petitioner's Fourth Amendment Claim

Although not articulated as such, Petitioner asserts that he is entitled to habeas relief because the Saginaw police conducted an improper search of his home and the evidence seized from that search should have been suppressed at trial.  Respondent contends that this claim is not cognizable and lacks merit.   The court agrees.  "[A] defendant must seek the exclusion of such evidence at trial or on direct appeal." *Northrop v. Trippett*, 265 F.3d 372, 378 (6th Cir. 2001) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 447 (1986) and *Stone v. Powell,* 428 U.S. 465, 494-95 (1976)).  "Because questions regarding the admissibility of otherwise relevant evidence seldom touch upon

the 'basic justice' of a conviction, the Supreme Court bars Fourth Amendment claims from habeas review." *Id.*

The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell,* 428 U.S. 465, 494-95 (1976). The Sixth Circuit Court of Appeals utilizes a two-step analysis to determine whether a defendant was given a full and fair opportunity to litigate a Fourth Amendment claim in state court. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. "Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Id.*

Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim. *See, e.g., People v. Ferguson*, 376 Mich. 90, 93-94, 135 N.W.2d 357 (1965) (motion to suppress); *People v. Harris*, 95 Mich.App. 507, 509, 291 N.W.2d 97 (1980). Petitioner has not shown that a failure of that procedural mechanism prevented him from litigating his claims. The record reveals that Petitioner failed to challenge the legality of the search and seizure prior to trial as well as during the appeal process. Consequently, this claim is not cognizable on habeas review.

### C. Sufficiency of the Evidence

Finally, to the extent that Petitioner's petition can be interpreted as challenging the sufficiency of the evidence supporting his conviction, the court rejects his argument. In general, a federal court lacks power to grant habeas corpus relief on the ground that a state conviction is against the great weight of the evidence. *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985). In *Jackson v. Virginia*, 443 U.S. 307 (1979), the Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original). Pursuant to 28 U.S.C. § 2254(d)(1), this court must determine whether the state court applied the correct standard and whether that application was contrary to or an unreasonable application of Supreme Court precedent. In making this determination, this court must afford the state court's findings of fact a presumption of correctness unless it is established by clear and convincing evidence that the factual determination in the state court was erroneous. 28 U.S.C. § 2254(e)(1); *West v. Seabold*, 73 F.3d 81, 83 (6th Cir. 1996).

The last state court to issue a reasoned opinion regarding this claim, the Michigan Court of Appeals, stated:

> Defendant challenges the sufficiency of the evidence supporting his conviction for possession with intent to deliver more than 650 grams of cocaine. Specifically, defendant contends that a police officer tainted the evidence by mixing defendant's bags of white powder together, without first having the bags separately tested to determine whether each bag

9

constituted a mixture containing cocaine. Defendant argues that, in the absence of evidence pertaining to the contents of each separate bag, the prosecutor failed to present evidence demonstrating that defendant possessed more than 650 grams of a mixture containing cocaine.

A challenge to the sufficiency of the evidence requires us to determine "whether the evidence, viewed in a light most favorable to the people, would warrant a reasonable juror in finding guilt beyond a reasonable doubt." *People v. Nowack,* 462 Mich. 392, 399, 614 N.W.2d 78 (2000). Circumstantial evidence, and reasonable inferences arising from it, may be sufficient to prove the elements of a crime. *People v. Avant,* 235 Mich.App. 499, 505, 597 N.W.2d 864 (1999).

In *People v. Barajas,* 198 Mich.App. 551, 557 n. 3, 499 N.W.2d 396 (1993), aff'd. 444 Mich. 556, 513 N.W.2d 772 (1994), we noted that punishing for the possession of a mixture containing cocaine cannot be based on the potential for creating a mixture. However, the issue in *Barajas* was whether there was, in fact, a mixture containing cocaine in light of undisputed facts. Here, the issue was a factual question as to whether it was defendant or the police officer that created the mixture containing cocaine. Defendant argued below, as he does on appeal, that some bags could have contained mixtures containing cocaine, but that other bags may have merely contained a cutting agent, and that, if so, defendant never possessed more than 650 grams of a mixture containing cocaine.

We note that the police officer's actions prevented the prosecutor from presenting direct evidence establishing that each of the bags contained a mixture containing cocaine. Again, this could have been accomplished by simply having each bag tested or, at the very least, field tested. However, in the absence of more persuasive evidence, the prosecutor argued that it was illogical for defendant to package identical bags of white powder--with some bags containing a mixture containing cocaine and others containing just a cutting agent--without labeling the bags to distinguish the bags containing cocaine from those that did not contain cocaine. Thus, the police officer's actions forced the prosecutor to rely on circumstantial evidence, rather than direct evidence. Nevertheless, circumstantial evidence may be sufficient to support the elements of a crime. *Avant, supra* at 505, 597 N.W.2d 864. Therefore, viewing this circumstantial evidence in a light most favorable to the prosecution, we are not persuaded that the evidence was insufficient to support defendant's conviction. *Nowack, supra* at 399, 614 N.W.2d 78.

*Poineau*, 2002 WL 1360396 at *1 (footnote omitted).

The court finds this analysis of Petitioner's sufficiency of the evidence claim, related to his argument that the evidence of quantity of cocaine was "tainted" by mixing the white powder, was neither contrary to nor or an unreasonable application of clearly established federal law.  Thus, to the extent Petitioner's Fourth Amendment claim also raises a sufficiency of the evidence challenge, his claim is rejected.  *See* 28 U.S.C. § 2254(d)(1)**.**

## V.  CONCLUSION

For the reasons stated above, IT IS ORDERED that the Petition for Writ of Habeas Corpus Under U.S.C. § 2254 [Doc. # 1] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  February 28, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 28, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522