**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

JAMES EDWARD POINEAU,

    Petitioner,

                                                    Case No: 04-CV-70388-DT

v.

WARDEN BOOKER,

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION REOPENING
THE TIME TO FILE AN APPEAL, AND DENYING AS MOOT PETITIONER'S
MOTIONS FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL
AND TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

       This is a habeas corpus matter wherein the court denied Petitioner's application for habeas relief on February 28, 2006. Presently before the court are the following three post-judgment motions filed by the Petitioner: (1) "Motion for Extension of Time to File Notice of Appeal," (2) "Motion for Reopening the Time to File an Appeal" and (3) "Motion to Proceed *In Forma Pauperis* on Appeal and for filing of *Pro Per* Motions." For the reasons stated below, the court will deny each of Petitioner's motions.

**I. BACKGROUND**

       Petitioner James Edward Poineau is a Michigan prisoner who is presently proceeding *pro se,* relative to the above referenced post-judgment motions. Attorney Jon T. Shabluk was retained by Petitioner's grandmother to represent Petitioner in his

habeas corpus action.[1] Petitioner asserts that Shabluk prepared a handwritten habeas petition on a standard form and submitted it for filing without Petitioner's signature or permission on February 3, 2004. A signature purporting to be Petitioner's appears on the petition. Petitioner further claims that he was "kept in the dark" by counsel about the progression of his habeas case. (Petitioner's Mot. for Ext. of Time to File Notice of Appeal at 2.) After the threat of filing a grievance was received, Shabluk sent a letter to the Petitioner along with a Westlaw printout of the February 28, 2006 opinion rendered by this court which denied Petitioner's request for habeas relief. Shabluk's letter provides, in pertinent part, as follows:

> Several months ago, I received a call from your grandmother and written correspondence from you requesting that I return to you all original file materials in my possession. I had previously sent copies of those materials on two occasions and you apparently did not receive them. I agreed to send the original file materials per your request. That was done and I can only assume that the items again did not reach you. Those items included the transcripts you provided me, and copies of the petition and briefs filed with the Federal Court for your Habeas Corpus action. As I had previously advised in letters contained within the prior document mailings, the Court denied your petition for Habeas Corpus. That matter is concluded, but unfortunately, the original file was sent to you and I only have copies of my written correspondence to you. I am enclosing a copy of the Opinion rendered by the Court. Copies of all other documents can be obtained directly from the appropriate Court.

(2/16/07 Correspondence, Attached to Petitioner's Mot. for Ext. of Time to File Notice of Appeal.) Shabluk's letter was dated February 16, 2007 and postmarked February 17,

---

[1] According to Petitioner, Attorney Shabluk was retained to pursue this habeas matter in district court and on appeal.

2007. According to Petitioner, this correspondence was the first he learned of the disposition of his habeas case.[2]

On February 26, 2007, Petitioner sent a letter to this court inquiring about whether a notice of appeal and/or a certificate of appealability had been filed in his case. (2/26/07 Correspondence from Petitioner, Attached to Petitioner's Mot. for Ext. of Time to File Notice of Appeal.) Petitioner also requested copies of any and all documents that had been filed with the court relative to his case. *Id.*

On March 20, 2007, the clerk's office of this court invoiced Petitioner for $261.50, which included $235.50 for payment of copies contained in Petitioner's court file and a service fee of $26.00. Petitioner asserts that payment was made to the court in April 2007 by his family and the requested copies were obtained. On May 7, 2007, Petitioner filed the series of motions presently before the court. Petitioner seeks the opportunity to appeal this court's February 28, 2006 decision to deny habeas relief, but acknowledges that the window of time in which to file a notice of appeal has expired. Accordingly,

---

[2]As a further note, Shabluk also stated in his letter that he closed his private practice in November 2005, which is three months before the court entered its order denying Petitioner habeas relief. Further, Shabluk stated in his letter that he sent to Petitioner "copies of the petition and briefs filed with the Federal Court for your Habeas Corpus action." However, there was no brief filed with the original habeas petition in this matter, nor were there any briefs filed by counsel during the course of this matter while it was pending. A handwritten standard habeas application form was completed and filed; there was no argument nor any citation to law within the habeas petition filed with this court. Considering the deficiencies in Shabluk's representations, the court is skeptical as to whether Petitioner was timely notified of the disposition of his case. As explained *infra,* however, even assuming Petitioner was not timely notified of the disposition of his case, he is barred from reopening the time in which to file an appeal because he fails to comply with Federal Rule of Appellate Procedure 4(a)(6).

3

Petitioner is requesting that his appeal period be extended and reopened. He further seeks to pursue this matter *in forma pauperis.*

## II.  DISCUSSION

The Federal Rules of Appellate Procedure define the applicable deadlines in the courts of appeals.  Fed. R. App. P. 1(a)(1)*;* 28 U.S.C. §2701.  When properly informed of the judgment, a party has 30 days to file a notice of appeal.  Fed. R. App. P. 4(a)(1)(A).  A limited extension of the time to file may also be granted upon a party's motion under Rule 4(a) and (5).  An untimely notice of appeal can still be viable if a motion to extend the time for filing a notice of appeal is filed within 30 days after the time prescribed, so long as the movant demonstrates either good cause or excusable neglect.  Fed. R. App. P. 4(a), *(5); Zack v. United States,* 133 F.3d 451, 452 (6th Cir. 1998).  Rule 4(a)(6) further provides:

> Reopening the Time to File an Appeal.  The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) *the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier*; and; (C) the court finds that no party would be prejudiced.  (emphasis added).

Applying Rule 4(a)(6) to Petitioner's case, the court finds that Petitioner is barred from proceeding with the filing of his delayed notice of appeal.   The court entered its order on February 28, 2006.  Petitioner's motions to extend and reopen the time in which to file an appeal were filed on May 7, 2007, 15 months later.  This clearly exceeds the 180-day limitation.  Further, Petitioner did not file a motion to reopen within seven

4

days of learning that his petition for habeas relief was denied. Even assuming that Petitioner did not receive notice of the entry of this court's February 28, 2006 order denying habeas relief within 21 days after its entry, Petitioner's lack of notice does not overcome the fact that his motion to reopen is barred by Rule 4(a)(6)(B).

With respect to Petitioner's motions to extend the time in which to file a notice of appeal and to proceed *in forma pauperis,* the court finds that these motions are moot in light of its decision to deny Petitioner's motion to reopen the time in which to file an appeal.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's "Motion for Reopening the Time to File an Appeal" [Dkt. # 21] is DENIED, and Petitioner's "Motion for Extension of Time to File Notice of Appeal" [Dkt. # 20] as well as his "Motion to Proceed *In Forma Pauperis* on Appeal" [Dkt. # 22] are DENIED as MOOT.

s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 27, 2007, by electronic and/or ordinary mail.

s/Lisa G. Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\04-70388.Poineau.DenyReopeningOfTimeToAppeal.wpd