**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

JAMES EDWARD POINEAU,

        Petitioner,

v.                                                            Case No: 04-CV-70388

RAYMOND BOOKER,

        Respondent.
_____/

**OPINION AND ORDER DECLINING TO ISSUE A CERTIFICATE OF**
**APPEALABILITY AND DENYING PETITIONER'S MOTION**
**FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I. BACKGROUND**

This is a habeas corpus matter, wherein the court denied Petitioner's application for habeas relief on February 28, 2006. Subsequently, Petitioner filed a motion to reopen and extend the time in which to file an appeal and a motion to proceed *in forma pauperis.* On August 27, 2007, the court issued its "Opinion and Order Denying Petitioner's Motion Reopening the Time to File an Appeal, and Denying as Moot Petitioner's Motions for Extension of Time to File Notice of Appeal and to Proceed *In Forma Pauperis* on Appeal."

Currently pending before the court is Petitioner's September 28, 2007 motion for a certificate of appealability and his application to proceed without prepayment of fees and costs. For the reasons stated below, the court will deny Petitioner's motions.

## II. STANDARD

"If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In applying the standard, a district court may not conduct a full merit review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell,* 537 U.S. 322, 336-37 (2003). When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. When a district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim or the denial of a constitutional right, and that jurists of reason should find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484-85.

## III. DISCUSSION

### A. Certificate of Appealability

As detailed in the court's "Opinion and Order Denying Petitioner's Motion Reopening the Time to File an Appeal, and Denying as Moot Petitioner's Motions for Extension of Time to File Notice of Appeal and to Proceed *In Forma Pauperis* on Appeal," Petitioner was not entitled to a reopening of the time in which to file an appeal because he failed to comply with the express mandates of Federal Rule of Appellate Procedure 4(a)(6)[1] by filing his motion to reopen the time in which to file an appeal fifteen months after the order denying his habeas petition was entered. The court finds that jurists of reason would not find the court's assessment of the foregoing claim to be debatable or wrong. *Bowles v. Russell,* 432 F.3d 668, 673-76 (6th Cir. 2006). Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability.

---

[1] Federal Rule of Appellate Procedure 4(a)(6) provides:

Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) *the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier*; and; (C) the court finds that no party would be prejudiced. (emphasis added).

### B. *In Forma Pauperis*

A court may grant leave to proceed without prepayment of costs and fees if it finds that an appeal is being taken in good faith. *Foster v. Ludwick,* 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Id.* at 765. There is "nothing within Rule 4(a)(6) indicat[ing] it is permissive or that its limitations may be waived for equitable reasons." *Clark v. Lavallie,* 204 F.3d 1038, 1040 (10th Cir. 2000). Rule 4(a)(6) provides a limited and exclusive opportunity for relief in circumstances where the notice of entry of a judgment or order is not received by a party or is received so late that it precludes the opportunity to file a notice of appeal in a timely manner. *Bowles,* 432 F.3d at 676. Although Petitioner argued that his counsel was deficient in failing to timely notify him that the court had denied his habeas petition, Rule 4(a)(6) is "specific and unequivocal," and serves as a bar to Plaintiff's further pursuit of his claims. *Clark,* 204 F.3d at 1040; *Vencor Hosp., Inc. v. Standard Life and Accidental Ins. Co.,* 279 F.3d 1306, 1311 (11th Cir. 2002). Consequently, Petitioner's claims in this regard are frivolous and he is not entitled to certification to proceed *in forma pauperis*.

### IV. CONCLUSION

IT IS ORDERED that "Petitioner's *Pro Per* Motion for Certificate of Appealability" [Dkt. #26] is DENIED.

IT IS FURTHER ORDERED that "Petitioner's Motion for Leave to Proceed *In Forma Pauperis* on Appeal" [Dkt. #28] is DENIED.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: October 18, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 18, 2007, by electronic and/or ordinary mail.

                                              s/Lisa G. Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522